IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKY G. DOMINGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIV-15-700-HE |
| v. ) | |
| ) | |
| R.B. HAUF, SHERIFF, et al., ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

On June 26, 2015, Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed without prejudice due to Plaintiff's failure to comply with the Court's Order and failure to pay the required initial partial filing fee.

With his Complaint, Plaintiff filed an application seeking leave to proceed *in forma pauperis*. Having reviewed the motion, the undersigned entered an order to Plaintiff to cure deficiencies in his motion. (Doc. # 5). On July 9, 2015, Plaintiff filed a second application for leave to proceed *in forma pauperis*. (Doc. # 6).

Following review of the motion, the undersigned entered an Order Granting Leave to Proceed In Forma Pauperis on July 13, 2015. (Doc. # 7). The Order directed Plaintiff to pay an initial partial filing fee of $21.26 on or before July 31, 2015. This amount represents 20 percent

1

of the average monthly balance in Plaintiff's prison/jail accounts for the six-month period immediately preceding the filing of the Complaint as set out in the certified statement of institutional accounts submitted by Plaintiff. See 28 U.S.C. § 1915(b). Plaintiff was further advised that unless he either paid the required initial partial filing fee by the specified date or showed cause in writing for his failure to pay, the action could be dismissed without prejudice to refiling. Plaintiff was also advised of the opportunity to voluntarily dismiss the action consistent with Fed. R. Civ. P. 41(a) on or before July 31, 2015, without incurring any fees or costs.

To this date, Plaintiff has neither paid the required initial partial filing fee, requested an extension of time to do so, or submitted an explanation for not complying with the Court's Order. Plaintiff's failure to pay the required initial partial filing fee and the expiration of the time given Plaintiff to make such payment warrant dismissal of the action without prejudice to refiling. LCvR 3.4(a). Freeman v. Colo. Dep't of Corr., 396 Fed.Appx. 543 (10th Cir. 2010)(unpublished op.)(affirming dismissal without prejudice of § 1983 action for failure to pay required initial partial filing fee); Barnett v. Ray, 320 Fed.Appx. 823 (10th Cir. 2009)(unpublished op.)(same).

Furthermore, Plaintiff's lack of interest in complying with the Court's Order combined with the Court's attempt to manage and control its caseload warrant a dismissal of the Complaint without prejudice. See Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002)("The Federal Rules of Civil Procedure authorize sanctions, including dismissal . . . for failing to comply with court rules or any order of the court, see Fed.R.Civ.P. 41(b)"). See also Nasious v. Two

Unknown B.I.C.E. Agents at Arapahoe County Justice Ctr., 492 F.3d 1158, 1161 n. 2, 1162 (10th Cir. 2007)(*sua sponte* dismissal for failure to comply with court's orders permitted under federal rules, and court need not follow any particular procedures in dismissing action without prejudice for failure to comply). Therefore, the Court should dismiss the action without prejudice.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice for failure to comply with the Court's Orders and failure to timely pay the required initial partial filing fee. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by September 15th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 26th day of August, 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE